OPINION OF THE COURT
Richard D. Huttner, J.
Before the court is petitioner’s motion for an order modifying the oral decision of this court rendered February 14, 1989, which denied petitioner Allstate Insurance Company’s application to stay arbitration on grounds that Hanover Insurance Company covered the responsible vehicle.
On February 14, 1989 this court denied the petition and referred the issue of coverage to the arbitrator. In Matter of Aetna Cas. & Sur. Co. v Cochrane (64 NY2d 796), the Court of Appeals held that the only issues for a court to determine on an application to stay arbitration are whether a valid agreement to arbitrate was made and complied with, and whether the claim is barred by the Statute of Limitations (CPLR 7503 [b]). Petitioner raises no such issues here. In Aetna, the court *376 held that the determination of serious injury as defined in former Insurance Law § 671 may be made by an arbitrator in an uninsured motorist claim against MVAIC. It is the opinion of this court that Aetna should not be read narrowly, and that the issue of coverage may be determined by an arbitrator.
It is the announced public policy of this State that the burden confronting our courts in litigating personal injuries should be reduced. (Matter of Aetna Cas. & Sur. Co. v Cochrane, supra, at 798.) Petitioner’s position is contrary to the policy enunciated in Aetna and would necessitate adjudication of issues that could adequately be resolved within the arbitration proceeding.
Accordingly, the motion to stay arbitration is denied.